USCA1 Opinion

 

 [NOT FOR PUBLICATION NOT TO BE CITED AS PRECEDENT] United States Court of Appeals For the First CircuitNo. 98-1865 UNITED STATES, Appellee, v. EDGAR CAMACHO, Defendant, Appellant. APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Patti B. Saris, U.S. District Judge] Before Boudin, Stahl and Lynch, Circuit Judges.      Joshua L. Gordon on brief for appellant. Donald K. Stern, United States Attorney, and Kevin P. McGrath,Assistant U.S. Attorney, on brief for appellee.February 24, 2000     Per Curiam. After a thorough review of the record and of the parties' submissions, we affirm. Drug quantity was not an element of the offense, so the lower court's failure at the Rule 11 hearing to explore the factual basis for the quantity specified in the plea agreement was not error. United States v. Lindia, 82 F.3d 1154, 1160 (1st Cir. 1996). We see no clear error in the court's finding at sentencing that Camacho should be responsible for the quantity specified in the plea agreement, especially in light of Camacho's agreement to be responsible for that amount, United States v. Marrero- Rivera, 124 F.3d 342, 354 (1st Cir. 1997); his admission that he was involved in the conspiracy during the times in question, United States v. Miranda-Santiago, 96 F.3d 517, 524-25 (1st Cir. 1996); and the benefits Camacho reaped from the agreement, id.  Camacho's ineffective assistance of counsel claim is not cognizable on direct appeal. United States v. Torres, 162 F.3d 6, 11 n. 3 (1st Cir. 1998). Affirmed. 1st Cir. Loc. R. 27(c).